IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN YOCOM, | No. C 11-5741 SBA (PR) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | (Docket No. 70) |
| WARDEN RANDY GROUNDS, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner, filed the instant pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging constitutional violations in 2011 while he was incarcerated at the Correctional Training Facility-Soledad ("CTF"). He has named the following seventeen[1] Defendants, all of whom are all prison officials at CTF: Warden Randy Grounds; Chief Disciplinary Officer J. A. Soars; Senior Hearing Officer J. M. Biggs; Correctional Counselor Diaz; Facility Captains P. A. Santiago and Lomeli; Correctional Sergeant Ramos; Correctional Officers Cordoba and Fick; Chief of Inmate Appeals D. Foston; Institutional Appeals Coordinators S. Lacey and P. Mullen; Chief Medical Officer M. Sepulveda; Chief Surgeon Bright; Physicians Rosana Lim Javate and J. Chudy; and Physician Assistant Trent.

In an Order dated June 12, 2012, the Court screened the complaint pursuant to 28 U.S.C. § 1915A and found that, liberally construed, the pleadings stated cognizable First, Fourteenth, and Eighth Amendment violations against the aforementioned Defendants. The Court specifically found as follows: (1) a cognizable First Amendment retaliation claim against Defendants Grounds, Santiago, Soars, Biggs, Lomeli, Diaz, Ramos, Cordoba, Fick, Foston, Lacey, Mullen, Sepulveda, Bright, Trent, Javate, and Chudy; (2) a cognizable due process claim relating to the prison grievance system against Defendants Grounds, Santiago, Soars, Biggs, Foston, Lacey, and Mullen; and (3) a cognizable claim for deliberate indifference to his serious medical needs against Defendants Ramos, Cordoba, Fick, Javate, and Chudy. The Court also dismissed with prejudice Plaintiff's disability

---

[1] Defendants state that Plaintiff alleges claims against eighteen named Defendants. (MTD at 1.) However, the record shows that there are only seventeen named Defendants, all of whom have been served. (June 12, 2012 Order at 11.)

1  discrimination claim against Defendants Sepulveda, Bright, and Trent.  The Court noted that, "If
2  Plaintiff names CTF and the [California Department of Corrections and Rehabilitation ("CDCR"] as
3  Defendants, then his ADA and Section 504 claims[2] against these public entities are DISMISSED
4  WITH LEAVE TO AMEND . . . ."  (June 12, 2012 Order at 10 (footnote added).)  The Court
5  informed Plaintiff that he may file an amended disability discrimination claim against CTF and the
6  CDCR in an amendment to the complaint within twenty-eight days of the date of its June 12, 2012
7  Order.  The Court further stated that the failure to do so would "result in the dismissal without
8  prejudice of Plaintiff's disability discrimination claim."  (Id. at 10-11.)  To date, Plaintiff has failed
9  to file the aforementioned amendment to the complaint; therefore, Plaintiff's disability
10 discrimination claim is DISMISSED without prejudice.

Before the Court is Defendants' motion to dismiss the complaint on the ground that it violates the federal joinder rules set forth in Federal Rules of Civil Procedure 18(a) and 20(a)(2).  Plaintiff has filed an opposition, and Defendants have filed a reply.

For the reasons outlined below, the Court GRANTS Defendants' motion to dismiss.

## DISCUSSION

Under the Federal Rules of Civil Procedure, a plaintiff may properly join as many claims as he has against an opposing party.  Fed. R. Civ. P. 18(a).  But parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Put simply, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds and have common issues of law or fact.  Coughlin v. Rogers, 130 F.3d 1348, 1350-51 (9th Cir. 1997).

Plaintiff's complaint violates Rules 18(a) and 20(a)(2) because it raises unrelated claims of retaliation, due process violation, and deliberate indifference to serious medical needs against different sets of Defendants in an attempt to argue multiple suits in one case.  Plaintiff has not shown

---

[2] Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.§ 12101 et seq., and § 504 of the Rehabilitation Act of 1973, as amended and codified in 29 U.S.C. § 794(a), prohibit discrimination on the basis of disability in the programs, services or activities of a public entity.

1 that the different sets of named Defendants (i.e., those that allegedly retaliated against him, those
2 that allegedly violated his due process rights and those that were allegedly deliberate indifferent to
3 his serious medical needs) participated in the same transaction, occurrence, or series of transactions
4 or occurrences, and that a question of law or fact is common to all defendants. See id. Mere
5 proximity in time and similarity in the types of problems Plaintiff encountered at CTF are not
6 enough to satisfy Rule 20(a)(2). See id. Not only do the joinder requirements serve to avoid
7 multiple-claim, multiple-defendant suits, "but [they] also ... ensure that prisoners pay the required
8 filing fees -- for the Prisoner Litigation Reform Act limits to 3 the number of frivolous suits or
9 appeals that any prisoner may file without prepayment of the required fees." George v. Smith, 507
10 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

11 In his opposition, Plaintiff fails to present facts sufficient to demonstrate that the alleged
12 constitutional deprivations arose out of the same transaction and occurrence, or series of transactions
13 and occurrences, as required under Federal Rule of Civil Procedure 20(a). Plaintiff makes a
14 conclusory argument that "[e]ach of the named defendants are linked by the common core of
15 operative facts of blatant Constitutional proportions of cruel inflictions and cruel punishments
16 imposed upon [P]laintiff as he directly stepped of[f] the bus from his return from this Court's ordered
17 (so-called) 'settlement conference.'" (Opp'n at 2.) Plaintiff claims that the named Defendants "acted
18 in concert and conspiracy in retaliation and deliberate indifference[] to serious medical needs
19 (motive) to impose cruel inflictions and punishment so severely to try to break Plaintiff's (spirit) to
20 drop his original/initial lawsuit that the settlement conference was for." (Id.) However, when the
21 Court initially screened Plaintiff's complaint, it did not find that Plaintiff stated a cognizable
22 conspiracy claim. Moreover, Plaintiff's conclusory statements in his opposition fail to establish that
23 he, in fact, has a cognizable claim for conspiracy; therefore, the Court finds that Plaintiff cannot
24 avoid dismissal for misjoinder.

25 Other than his unsuccessful attempt to allege a conspiracy, Plaintiff fails to allege any facts
26 linking the seventeen Defendants. As mentioned above, Plaintiff claims that Defendants retaliated
27 against him in violation of his First Amendment rights, violated his due process rights, and were
28 deliberately indifferent to his medical needs. None of these claims are connected by a common

3

defendant or time period.  For example, Plaintiff specifically alleges the following claims: (1) Defendants Javate and Chudy denied him his narcotics prescription; (2) Defendants Sepulveda, Bright, and Trent wrongfully stripped him of his "long standing housing restrictions and accommodations"; (3) Defendants Foston, Lacey, and Mullen prevented his proper use of the prison grievance system; and (4) Defendants Grounds, Santiago, Soars, and Biggs fraudulently conducted a review of his grievances and improperly handled his claims.  (Compl. at 12-14, 16.)  However, Plaintiff has not set forth any facts demonstrating that any of the alleged incidents in the complaint represent a continuous course of conduct instead of discrete acts of retaliation, due process violations or deliberate indifference.  Rather, these events are properly viewed as separate transactions and occurrences.  See Fed. R. Civ. Pro. 20(a).  Nothing in his opposition establishes a connection between Plaintiff's claims, much less shows that the named Defendants participated in the same transaction, occurrence, or series of transactions or occurrences, and that a question of law or fact is common to all defendants.  See Coughlin, 130 F.3d at 1350-51.

Accordingly, Defendants' motion to dismiss (docket no. 70) is GRANTED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff's disability discrimination claim is DISMISSED without prejudice.

2.  Defendants' motion to dismiss (docket no. 70) is GRANTED.  The dismissal is with partial leave to amend to bring one of Plaintiff's three claims -- retaliation, due process violation or deliberate indifference to serious medical needs -- in an amended complaint within **twenty-eight (28) days** of this Order.  (Plaintiff is free to bring the other two claims in **two** separate, new suits.)

3.  The amended complaint must be simple and concise.  Plaintiff may file an amended complaint using the Court's civil rights complaint form, wherein he must provide information regarding the exhaustion of administrative remedies with respect to the claim he wishes to pursue in this action. Plaintiff must write the case number for this action -- Case No. C 11-5741 SBA (PR) -- on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form.  Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the material related to the claim he wishes to present.  Ferdik v. Bonzelet, 963 F.2d

4

1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989). He may not incorporate material from the original complaint by reference. **Plaintiff's failure to file an amended complaint within the twenty-eight-day deadline will result in the dismissal of this action.**

    4.    The Clerk of the Court is directed to send Plaintiff a blank civil rights complaint form with his copy of this Order.

    5.    This Order terminates Docket No. 70.

IT IS SO ORDERED.

DATED: September 30, 2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

G:\PRO-SE\SBA\CR.09\yocom5741grantmtd-joinder-revised.wpd    5