IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ALAN YOCOM,

    Plaintiff,

  v.

WARDEN RANDY GROUNDS, et al.,

    Defendants.

                                  /

No. C 11-05741 SBA (PR)

**ORDER OF DISMISSAL**

On September 30, 2013, the Court issued an Order granting Defendants' motion to dismiss Plaintiff's complaint on the ground that it violated the federal joinder rules. (Dkt. 74.) Specifically, the Court determined that the complaint violated Federal Rules of Civil Procedure 18(a) and 20(a)(2) because it raised unrelated claims of retaliation, due process violation, and deliberate indifference to serious medical needs against different sets of Defendants in an attempt to argue multiple suits in one case. The Court granted Plaintiff leave to raise one of his three claims in an amended complaint to be filed within twenty-eight days from the date of the Order. The Court further instructed Plaintiff that he could bring the other two claims in two separate, new lawsuits. Plaintiff was warned that his failure to timely file an amended complaint would result in the dismissal of this action for failure to prosecute.

The time for Plaintiff to file his amended complaint has passed, and no amended complaint has been filed. The action is thus subject to dismissal. *Ferdik v. Bonzelet*, 963 F.3d 1258, 1260 (9th Cir. 1992).

Accordingly, IT IS HEREBY ORDERED that the complaint in the above-captioned action is DISMISSED for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Clerk

of the Court shall enter judgment, terminate all pending motions as moot, and close the file.[1]

IT IS SO ORDERED.

DATED: 11/25/2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] If and when Plaintiff is prepared to pursue his claims, he may file a new civil rights action or, in this particular situation, three separate, new civil rights actions for each of his aforementioned three claims. The limitations period to file a § 1983 action in California is two years, but it is tolled for up to two years during a continuous period of incarceration. *See Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) (holding, pursuant to Cal. Civ. Proc. Code § 340(3), that the limitations period for filing a § 1983 action in California is one year); S.B. 688 (amending Cal. Civ. Proc. Code § 340(3) and adding § 335.1 to establish two-year residual limitations period for personal injury actions); Cal. Civ. Proc. Code § 352.1(a) (providing for an additional two years of tolling during a period of continual imprisonment).

G:\PRO-SE\SBA\CR.11\Yocom5741.dismiss(noAC).wpd    2